**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAURENCE N. FISHER,<br><br>    Plaintiff,<br><br>        v.<br><br>SHERYL A. WEBER, DENNIS C. KOVITCH, DIANE C. FISHER,<br><br>    Defendants. | NO. 3:08:-CV-01937<br><br>(JUDGE CAPUTO) |

**MEMORANDUM ORDER**

Presently before the Court is Plaintiff Laurence N. Fischer's Complaint (Doc. 1) and associated Motion for Leave to Proceed *In Forma Pauperis* (Doc. 2). Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte. Meritcare Inc. v. St. Paul Mercury Ins. Co.,* 166 F.3d 214, 217 (3d Cir. 1999.)

Plaintiff does not allege any jurisdictional basis in his Complaint. However, since Plaintiff is proceeding in this action in a *pro se* capacity, and the Court will afford his filing a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Construing the Complaint under the liberal *Haines* standard, the Court is unable to discern any facts, allegations or claims sufficient to confer federal court jurisdiction in this case. All of the parties named in the Complaint have Pennsylvania addresses, and thus, no diversity of citizenship exists to provide federal jurisdiction pursuant to 28 U.S.C. § 1332. Furthermore, the Plaintiff does not allege any violation of a right conferred or guaranteed under federal law as required for a federal court to exercise its "federal question" jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff alleges that the Defendants have given false or slanderous information that harmed the Plaintiff's career as a Pennsylvania State Trooper, his

reputation, and his financial well-being.  Claims such as these are insufficient to create a basis for federal jurisdiction.

**NOW,** this 23rd  day of October, 2008, upon review of the Plaintiff's Complaint, **IT IS HEREBY ORDERED THAT** this action is **DISMISSED** without prejudice based upon lack of subject matter jurisdiction.

      /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge